# United States District Court
# Northern District of Indiana

| | |
|---|---|
| CHARLIE HERBST, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. 3:07-CV-536 JVB |
| v. | ) |
| | ) |
| WALTER MARTIN, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Charlie Herbst, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his conviction and twenty year sentence in the Benton Circuit Court under cause number 04C01-9912-CF-541for arson, burglary, attempted forgery, auto theft, receiving stolen property, and obstruction of justice. The respondent has filed a return arguing that the petition is untimely. In his traverse, Herbst argues that it is not.

As a preliminary matter, Herbst filed a motion asking to amend his traverse to attach a copy of the post-conviction relief petition he filed in the Benton Circuit Court on September 25, 2001. A copy of the same petition is already included in the State court record. It is pages 1–9 of the Appellant's Appendix that Herbst submitted to the Court of Appeals of Indiana on April 28, 2006, with his appeal in cause number 04A03-0603-PC-96. Nevertheless, because he could have attached it to his traverse as an extra copy, the motion will be granted.

Habeas Corpus petitions are subject to a one year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In this case, there is no dispute that, pursuant to § 2244(d)(1)(A), the 1-year period of limitation began on the date that judgment became final by the expiration of the time for seeking a direct appeal to the United States Supreme Court. Neither is there a dispute that this occurred on November 7, 2001.[1]

Here, the dispute is over the tolling provisions of § 2244(d)(2). The respondent argues that Herbst did not have a properly filed post-conviction relief petition at any time after his conviction became final. The respondent states that Herbst only had an improperly filed petition that was ultimately dismissed by the State courts. Despite his current disagreement, the record demonstrates that Herbst filed a post-conviction relief petition on August 23, 2001. The State court cause number for his post-conviction relief proceeding is 04C01-0108-PC-403. Herbst included a copy of the docket sheet for that case in his Appellant's Appendix when he appealed to the Indiana Court of Appeals. The first entry on that docket sheet shows that he filed his post-conviction relief petition on August 23, 2001. The petition itself is attached to the Rehearing Petition Appendix prepared by

---

[1] Though Herbst states that, "the one year statute of limitations should start at und [sic] 28 § 2254(d)(1) would be October 11, 2007," it is clear by the larger context of his discussion of this issue that he is really arguing that the tolling provision of § 2254(d)(2) lasted until that date which is when he believes his post-conviction relief proceedings ended. It is clear that he is not arguing that his direct appeal lasted until 2007, but rather that he had a valid post-conviction relief petition pending until that date. Therefore there is no dispute that his direct appeal proceedings ended when the time for filing a petition for certiorari expired on November 7, 2001.

Herbst. The petition was signed August 21, 2001, and file stamped August 23, 2001, by the Benton Circuit Court Clerk. In addition, in the September 25, 2001, post-conviction relief petition, he acknowledged filing a prior post-conviction relief petition. In response to question 10(a) he stated that he had filed a prior post-conviction relief petition and in response to question 11(a)(i) he stated "PC 1 filed & denied Aug. 23rd." (DE 15-2 at 5.) Herbst argues that the docket sheet for his criminal case, 04C01-9912-CF-541, does not show that he filed a post-conviction relief petition on August 23, 2001, even though it shows that he filed the September 25, 2001 petition. Though the record does not appear to contain an explanation for this discrepancy, the absence of an entry on his criminal docket sheet does not refute the overwhelming evidence that he filed a post-conviction relief petition on August 23, 2001, which was dismissed on August 27, 2001.

There is no dispute that Herbst did not appeal that dismissal nor that he subsequently filed another post-conviction relief petition on September 25, 2001. Though the record is unclear as to why it took so long to discover that the September 25, 2001, petition was not properly filed, it is clear that on January 20, 2006, the State court issued an order to that effect:

> The Petitioner, Charles Herbst, a/k/a Charlie Herbst, is seeking to amend the Petition for Post Conviction Relief filed August 23, 2001. Said Petition was previously dismissed August 27, 2001. A judgment was entered on the Petition. Therefore, the request to Amend the Petition and any previously granted request to Amend the Petition after August 27, 2001 are hereby **Denied and/or set aside**.

*Herbst v. State*, 04C01-0108-PC-403, (Benton Circuit Court); (Appendix of Appellee at 2.). With that order, which was ultimately affirmed on appeal, the State court found that Herbst's post-conviction relief proceeding ended on August 27, 2001. Therefore nothing after that date was "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). "Because the state court rejected petitioner's PCRA petition as untimely, it was not

'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005) ("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2).").

Because Herbst did not have a properly pending post-conviction relief petition at any time after his conviction became final on November 7, 2001, the tolling provisions of § 2244(d)(2) are not applicable and the 1-year period of limitation expired on November 7, 2002. This habeas corpus petition was not placed in the prison mail system until nearly five years later on October 26, 2007. Therefore it is untimely and must be denied.

For the foregoing reasons, the Court:

(1) **GRANTS** the motion to amend the traverse (DE 15);

(2) **DENIES** the habeas corpus petition (DE 1); and

(3) **DIRECTS** the clerk to enter judgment.

**SO ORDERED** on February 18, 2009.

                                                       s/Joseph S. Van Bokkelen
                                                      Joseph S. Van Bokkelen
                                                      United State District Judge
                                                      Hammond Division